# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARIDAH ALEHERI, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>  -against-<br><br>88 FEATHERBED APPAREL CORP. *d/b/a* EXTREME DEPARTMENT STORE, 1457 WESTCHESTER APPAREL CORP. *d/b/a* EXTREME DEPARTMENT STORE, 204 CONCOURSE PLAZA DISCOUNT CORP. *d/b/a* EXTREME DEPARTMENT STORE, 4697 3RD AVE DISCOUNT CORP. *d/b/a* EXTREME DEPARTMENT STORE, MOHAMMAD SAFI, JOHN DOE NOS. 1-10 (said names being unknown and fictitious), and JOHN ROE CORP. NOS. 1-10 (said names being unknown and fictitious),<br><br>     Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Faridah Aleheri ("Plaintiff" or "Aleheri"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF ACTION

1.  This lawsuit seeks to recover unpaid minimum wages, overtime premium, and statutory penalties under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and their supporting rules and regulations for Plaintiff and on behalf of all other similarly situated co-workers and other non-exempt employees (collectively, "Non-Exempt Workers") who work or have worked at Extreme Department Stores located at 88 Featherbed Lane, Bronx, New York 10452, 204 E. 161st Street, Bronx, New York 10451, 1457 Westchester

Avenue, Bronx, New York 10472, 54-08 Myrtle Avenue, Queens, New York 11385, or other locations located in New York City (collectively, "Extreme Department Stores").

2.      Extreme Department Stores is owned and operated by Mohammad Safi and his relatives, who are referred to as "Mr. Mo", "Papa", "Flako", and Mohammed (collectively, "Extreme Owners").

3.      Despite operating Extreme Department Stores with at least three separate corporate names, 88 Featherbed Apparel Corp., 1457 Westchester Apparel Corp., 204 Concourse Plaza Discount Corp., and 4697 3rd Ave Discount Corp. (the "Corporate Defendants", and collectively with Extreme Owners, "Defendants"), Defendants have been part of a single integrated enterprise that has jointly employed the Non-Exempt Workers at their stores.

4.      This enterprise is centrally controlled and operated by Extreme Owners, who own, manage, and oversee the operations and policies of Extreme Department Stores, and thereby the Non-Exempt Workers, including hiring and firing of employees, supervision, controlling of work schedule or conditions of employment, determination of employees' rate and method of wage payments, and maintenance of employment records.

5.      Defendants coordinated with one and other so that the Non-Exempt Workers are subject to the same employment policies, practices and procedures, and are directed by Defendants to perform work for Extreme Department Stores as part of an interrelated network of retail chain stores.

6.      Plaintiff brings this action on behalf of herself and all similarly situated current and former non-exempt employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to

remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other employees similarly situated of their lawfully earned wages.

7.      Plaintiff also brings this action on behalf of herself and all similarly situated current and former non-exempt employees pursuant to Federal Rule of Civil Procedure Rule 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, are Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

8.      Ms. Aleheri is an adult individual residing in Bronx, New York.

9.      Ms. Aleheri was employed by Defendants from April 2021 to July 2022 as a salesclerk at one of Defendants' stores located at 88 Featherbed Lane, Bronx, New York 10452.

10.      Ms. Aleheri is covered employee within the meaning of the FLSA and the NYLL.

11.      Defendant 88 Featherbed Apparel Corp. *d/b/a* Extreme Department Store is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at 88 Featherbed Lane, Bronx, New York 10452.

12.      Defendant 1457 Westchester Apparel Corp. *d/b/a* Extreme Department Store is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1457 Westchester Avenue, Bronx, New York 10472.

13.      Defendant 204 Concourse Plaza Discount Corp. *d/b/a* Extreme Department Store is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at 204 E. 161st Street, Bronx, New York 10451

14.     Defendant 4697 3rd Ave Discount Corp. *d/b/a* Extreme Department Store is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located in the City of New York.

15.     Defendant Mohammed Safi is an individual who is the owners, chief executive officer, president, principal, shareholder, officer, director, or otherwise authorized representative of all corporate Defendants, and who resides at 53 Sommer Ave., Staten Island, New York10314.

16.     Defendants John Doe Numbers 1-10 are, upon information and belief, individuals or sole proprietorships whose identities are unknown to Plaintiff at the filing of this Complaint, but who may be liable to Non-Exempt Workers, under the FLSA and NYLL.

17.     Defendants John Roe Corps Numbers 1-10 are, upon information and belief, businesses, companies, corporations, limited liability companies or partnerships, traditional partnerships, or other judicial, legal, or de facto entities whose identities are unknown to Plaintiff as the filing of this Complaint, but who may be liable to Non-Exempt Workers under the FLSA and NYLL.

18.     Defendants John Roe Corps 1-10 include a corporate entity doing business as, or which did business as, Extreme Department Store.  These entities are also under the control of Extreme Owners.

## DEFENDANTS WERE PLAINTIFF'S EMPLOYERS

19.     Upon information and belief, at all times relevant, the Corporate Defendants own, operate, and/or control the department stores operating under the name "Extreme Department Store" within the City and State of New York, and otherwise engaged in business within this judicial district during the relevant time period.

20.     Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

21.     The Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff referred to herein.

22.     At all relevant times, Defendants were covered employer(s) within the meaning of the FLSA and NYLL.

23.     At all relevant times, Defendants employed and/or jointly employed Plaintiff and the Non-Exempt Workers.

24.     In the alternative, Defendants constitute a single employer of Plaintiff and the Non-Exempt Workers because all Corporate Defendants were under common ownership and constituted a joint enterprise.

25.     Upon information and belief, the Extreme Owners operate the Corporate Defendants as either alter egos of themselves, and/or fail to operate the Corporate Defendants as legal entities separate and apart from themselves by, among other things:

   a.   Failing to adhere to the corporate formalities necessary to operate Corporate Defendants as separate and legally distinct entities;

   b.   Defectively forming or maintain Corporate Defendants by, among other things, failing to hold annual meetings or maintaining appropriate corporate records and formalities;

   c.   Transferring assets and debts freely as between the Defendants;

d.   Operating Corporate Defendants for their own benefits as the sole or majority shareholders;

e.   Operating Corporate Defendants for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

f.   Intermingling assets and debts of their own with Corporate Defendants;

g.   Diminishing and/or transferring assets of Corporate Defendants to protect their own interests; and

h.   Other actions evincing a failure to adhere to the corporate form.

26.     Defendants had the power to hire and fire Plaintiff and the Non-Exempt Workers, controlled the terms and conditions of their employment, including their hours and work schedules, and determined the rate and method of any wages and compensation in exchange for their services.

27.     In each year from 2021 to present, Defendants, both individually and jointly, had gross annual revenue of $500,000 or greater.

28.     At all relevant times, Defendants and/or their enterprises were directly engaged in the interstate commerce within the meaning of FLSA, 29 U.S.C. § 203(s).

29.     Defendants knew or should have known the applicable laws and regulations regarding the payment of minimum wage, overtime premium, and the spread of hours premium, as well as the statutory notice requirements, among other things.

30.     The Corporate Defendants share the same ownership, same management, same employment policies, and also coordinated and collaboratively controlled, determined, and/or changed the work hours, work locations, and the wage rate of Plaintiff.

31.     At all relevant times, Defendants had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

32.     Notwithstanding, Defendants acted willfully in violation of the requirements of the laws and regulations regarding the payment of minimum wage, overtime premium, and the spread of hours premium, as well as the wage notice and wage statement requirements.

## JURISDICTION AND VENUE

33.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. § 1367.

34.     This Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

35.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

36.     Ms. Aleheri was employed by Defendants from approximately April 2021 to the end of July 2022 where she worked as a salesclerk.

37.     Salesclerks were primarily responsible for unboxing, organizing, stocking/restocking, and shelving of merchandise, including responding to customer inquiries, among other duties.

38.     At all relevant times, Extreme Department Stores business operating hours were from 9:30 a.m. to 8:00 p.m.

39.     Ms. Aleheri's shift started at 12:30 p.m. and ended at 8:00 p.m. and she was required to work five days a week, with one thirty-minute rest break per shift.

40.     Most days, Ms. Aleheri began working, and clocked-in, before 12:30 p.m. and worked past, and clocked-out, 8:00 p.m.

41.     Ms. Aleheri also worked more than 40 hours per workweek.

42.     Defendants, however, did not pay Ms. Aleheri for the hours worked before 12:30 p.m. or after 8:00 p.m., did not pay the minimum wage rate for each hour she worked or the required overtime compensation at a rate of time and one-half her regular hourly wage rate.

43.     Defendants also failed to pay for the thirty-minute breaks or for the earned sick leave.

44.     Additionally, Plaintiff never received any wage notice setting forth the following information from any Defendants:

    a.  The rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

    b.  Allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances;

    c.  The regular payday designated by the employer;

    d.  The name of the employer;

    e.  Any "doing business as" names used by the employer;

    f.  The physical address of the employer's main office or principal place of business and a mailing address if different; and

    g.  The telephone number of the employer.

45.     During Plaintiff's employment, Defendants also never provided Plaintiff a wage statement with the payment of her wages stating the following information:

     a.  Dates and hours of work covered by that payment of wages;

     b.  Name of the employee;

     c.  Name of the employer;

     d.  Address and phone number of the employer;

     e.  Rate or rate of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

     f.  Gross wages;

     g.  Deductions;

     h.  Allowances, if any, claimed as a part of the minimum wages; and

     i.  Net wages.

46.     At all times relevant, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of her shift hours without paying her appropriate minimum wage overtime premium and/or other compensation required by federal and state laws.

47.     As part of Defendants' regular business practices, Defendants intentionally, willfully, and repeatedly harmed their employees, including Plaintiff, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

48.     Defendants' pay practices similarly resulted in the Non-Exempt Workers not receiving proper payment for all hours worked, resulting in the Non-Exempt Workers', including Plaintiff, effective rate of pay falling below the required minimum and overtime wage rate.

49.     By employing these illegal practices, Defendants avoided and did not pay employees, including Plaintiff, the required minimum wage and overtime premium of time and a half for all of their hours worked in excess of forty (40) hours per week.

50.     At all times relevant, Defendants failed to post the required wage and hour posters in their business locations and did not provide their employees with statutorily required wage statement or notices.

51.     These practices by Defendants were done willfully to disguise the actual number of hours Plaintiff and similarly situated individuals worked, and to avoid paying Plaintiff and the Non-Exempt Workers properly for their (a) full hours worked, (b) minimum wage, (c) overtime premium, and (d) spread of hours pay.

52.     Defendants engaged in their unlawful conduct pursuant to a policy of minimizing labor costs and denying employees proper compensation by knowingly violating the FLSA and NYLL.

53.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former employees of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings the First and Second Causes of Action, pursuant to FLSA, on behalf of herself and other similarly situated persons who work or have worked as Non-Exempt Workers at Extreme Department Stores, who elect to opt-in to this action, pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

55.     At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated and are and have been subject to Defendants' decisions, policies, plans, and

common programs, practices, procedures, protocols, routines, and rules, including but not limited to:

      a.   Willfully failing to pay their employees, including Plaintiff and the FLSA Collective the minimum wages for all hours worked up to 40 per workweek;

      b.   Willfully failing to pay their employees, including Plaintiff and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

      c.   Willfully failing to record all of the time that their employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

56.    Defendants' unlawful conduct, as described in this Complaint is pursuant to a common policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours they have worked.

57.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their minimum wages and overtime compensation owed.

58.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

59.    There are many similarly situated current and former Non-Exempt Workers who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join in.

60.     The members of the FLSA Collective are readily ascertainable, can be located through Defendants' records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

61.     Notice should be sent to members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

62.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

63.     Plaintiff brings the Third through Ninth Causes of Action, pursuant to the NYLL, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of person consisting of:

> All persons who work or have worked as Non-Exempt Workers and similar employees at the Extreme Department Stores between September 19, 2016 and the date of final judgment in this matter (the "Rule 23 Class").

64.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, director, assigns, and successor, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judges(s) to whom this case is assigned, their judicial staffs, and any members of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

65.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Rule 23 Class is at least sixty (60) individuals.  Although the precise number of such employees is unknown, the facts on

which the calculation of that number depends are presently within the sole control of Defendants.

66. Defendants have acted or have refused to act on grounds generally applicable to Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

67. Plaintiff is a member of the Rule 23 Class. Her claims are typical of the claims of the Rule 23 Class and do not conflict with interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

68. Plaintiff will fairly and adequately protect the interests of all Class members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains. Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Rule 23 Class.

69. Common questions of laws and fact exits as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. Whether Defendants failed to pay their employees all overtime compensation earned in violation of NYLL, Article 19, §§ 650 et seq. and 12 NYCRR § 142-2.2;

    b. Whether Defendants failed to furnish the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1);

c.  Whether Defendants failed to furnish the Rule 23 Class with a proper wage statement with every payment of wages, as required by NYLL, Article 6, § 195(3);

d.  Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Rule 23 Class, and other records required by the NYLL;

e.  Whether Defendants failed to pay spread of hours, as required by 12 NYCRR § 142-2.4;

f.  Whether Defendants failed to pay earned sick leave pay, as required by NYLL, Article 6, § 196(b);

g.  Whether Defendants failed to pay wages on a timely basis;

h.  Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

i.  Whether, and to what extent, equitable relief should be imposed on Defendants to prevent them from continuing their unlawful labor policies; and

j.  The nature and extent of class-wide injury and the measure of damages for those injuries.

70.  The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as non-exempt employees at Extreme Department Stores.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including being paid overtime compensation.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and

the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and pattern of conduct.

71.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and-or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 Class members.

72.     In recognition of services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this litigation.

73.     A class action is superior to other available methods of the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class litigation is

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' illegal practices.

74.     This action is properly maintainable as a class action under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

<u>**FIRST CAUSE OF ACTION**</u>
**Fair Labor Standards Act – Overtime Premium**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

76.     At all relevant times, Plaintiff and the FLSA Collective were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 201 *et seq.*

77.     At all relevant times, Defendants were joint employers of Plaintiff and the FLSA Collective as defined under 29 U.S.C. §§ 201 *et seq.*

78.     At all relevant times, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

79.     Defendants have engaged in a widespread policy, procedure, and practice of violating the FLSA, as detailed in this Complaint.

80.     At relevant times during her employment with Defendants, Plaintiff and members of the FLSA Collective worked in excess of forty (40) hours per workweek.

81.     Defendants failed to pay Plaintiff and the members of the FLSA Collective overtime compensation at a rate of time and one-half their regular hourly wage rate for all hours worked in excess of 40 hours per workweek.

82.     Defendants knowingly and willfully violated FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

83.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

84.     As a result of Defendants' violation of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wage**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

85.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

86.     At all relevant times, Plaintiff and the FLSA Collective were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 201 *et seq.*

87.     At all relevant times, Defendants were joint employers of Plaintiff and the FLSA Collective as defined under 29 U.S.C. §§ 201 *et seq.*

88.     At all relevant times, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

89.     Defendants have engaged in a widespread policy, procedure, and practice of violating the FLSA, as detailed in this Complaint.

90.     Defendants failed to pay Plaintiff and the members of the FLSA Collective the applicable minimum wage for all hours worked up to 40 per workweek.

91.     Defendants' failure to pay Plaintiff and the members of the FLSA Collective the applicable minimum wage was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of the FLSA.

92.     Defendants knowingly and willfully violated FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

93.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

94.     As a result of Defendants' violation of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of minimum wage in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

95.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

96.     At all times relevant, Plaintiff and the members of the Rule 23 Class were or have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

97.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL and the overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

98.     Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the applicable overtime premium at the rate of one and one half (1.5) times the regular rate or the minimum wage rate, whichever is higher, as required by 12 NYCRR §§ 142-2.1 and 146-1.2 and the supporting New York State Department of Labor Regulations.

99.     Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime at a rate of time and one-half their regular hourly rates for all hours worked in excess of 40 hours per workweek.

100.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and members of the Rule 23 Class.

101.     Through their knowing and intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

102.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated

damages, as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interests.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiff and the Members of the Rule 23 Class)**

103.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

104.    At all times relevant, Plaintiff and the members of the Rule 23 Class were or have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

105.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the applicable minimum wage prescribed and required under 12 NYCRR §§ 142-2.1 and 146-1.2.

106.    Defendants' failure to pay Plaintiff and the members of the Rule 23 Class the applicable minimum wage was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of NYLL § 663.

107.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interests.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

108.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

109.    At all times relevant, Plaintiff and the members of the Rule 23 Class were or have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

110.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with annual wage notices as required by NYLL, Article 6, § 195(1).

111.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations.

112.    Due to Defendants' violations of the NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of $50 for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or total of $5,000 each, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

113.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

114.    At all times relevant, Plaintiff and the members of the Rule 23 Class were or have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

115.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with a statement with every payment of wages, as required by NYLL, Article 6, § 195(3) indicating, among other things, the overtime rate or rate of pay; and the number of regular and overtime hours worked, and work time spent traveling between clients on the same day.

116.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

117.    Due to Defendants' violations of the NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of $250 for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or total of $5,000 each, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-d).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide "Spread of Hours" and Split-Shift Pay
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

118.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

119.    At all times relevant, Plaintiff and the members of the Rule 23 Class were or have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

120.    The Spread of Hours provision of Title 12 NYCRR Part 142, including 12 NYCRR § 142-2.4, applies to Defendants, and Defendants were required to pay an additional hour for any split-shift or day in which the employees' spread of hours exceed 10 hours.  The relevant spread is the interval between the beginning and end of employees' workday, including all working time, plus time off for meals plus intervals off-duty, as defined by 12 NYCRR § 142-2.18.

121.    Plaintiff and the members of the Rule 23 Class worked more than 10 hours per day, and Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the Spread of Hours pay.

122.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class the Spread of Hours and/or split-shift pay, Defendants have willfully violated the New York Labor Law, including NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

123.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records, including hours worked each workday and total hours worked each workweek, as required by NYLL, Article 6, § 195(4) and its supporting regulations.

124.    Due to Defendants' willful violations of the NYLL, Article 6, §§ 195 *et seq.*, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their earned spread of hour and/or split-shift wages earned and due during the six years immediately

preceding the filing of this lawsuit, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Violation of Earned Sick Leave Pay
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

125.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

126.    At all times relevant, Plaintiff and the members of the Rule 23 Class were or have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

127.    Plaintiff and the members of the Rule 23 Class are manual workers within the meaning of NYLL, Article 6, § 196-b, which require employers to pay up to forth (40) hours of unpaid sick leave in each calendar year.

128.    Defendants knowingly and willfully failed to provide the required paid sick leave to Plaintiff and the members of the Rule 23 Class.

129.    As a result of Defendants' violations of the NYLL, Plaintiff and the member of the Rule 23 Class have been damaged in an amount to be proven at trial, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

## NINTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

130.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

131.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

132.    Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

133.    Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notices, to all similarly situated members of the FLSA Collective who are presently working at or have at any time during the six years immediately preceding the filing of this lawsuit, up through and including the date of this Court's issuance of court-supervised notice, worked at Extreme Department Stores.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.    Designation of Plaintiff as the Representative of the Rule 23 Class and designation of Plaintiff's counsel as Class Counsel;

D.      Awarding unpaid minimum wage, overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

E.      Awarding a service award to Plaintiff, in recognition of the services she has rendered and will continue to render to the FLSA Collective and the Rule 23 Class;

F.      Declaring that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, Article 6, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations;

G.      Awarding unpaid minimum wage, overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Awarding statutory penalties of $50 for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of $5,000 each, as provided by NYLL, Article 6, § 198;

I.      Awarding statutory penalties of $250 for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of $5,000 each, as provided by NYLL, Article 6, § 198;

J.      Awarding back pay for spread of hours and split-shift paid owed to Plaintiff and the members of the Rule 23 Class for spread of hours, as provided by 12 NYCRR § 142-2.4;

K.      Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

L.      Awarding pre-judgement and post-judgment interest;

M.      Enjoining Defendants to pay all statutorily required wages and cease the

unlawful activity described herein pursuant to the NYLL;

N.      Awarding reasonable attorneys' fees and costs of the action; and

O.      Granting such other relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Englewood Cliffs, New Jersey
         September 19, 2022

HUR, LASH & CHOE, LLP


By: ____/s/ Robert L. Lash_____
         Scott K. Hur (SH4225)
         Robert L. Lash (RL0925)
600 Sylvan Avenue, Suite 109
Englewood Cliffs, NJ 07632
(212) 468-5590
*Attorneys for Plaintiff and the*
*Putative Class*